**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles Moody WHITE, Defendant-Appellant.**

**No. 27830.**

United States Court of Appeals, Fifth Circuit.

July 27, 1970.

Rehearing Denied Sept. 10, 1970.

---

John R. Foster, Del Rio, Tex. (court appointed), for defendant-appellant.

Seagal V. Wheatley, U. S. Atty., James W. Kerr, Warren N. Weir, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before TUTTLE, THORNBERRY and INGRAHAM, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of conviction and sentence of appellant for a narcotics violation, raising the issue of the propriety of the denial by the trial court of a motion to suppress.

Appellant Charles Moody White was observed by a Texas Highway Patrolman with his car stopped on the side of a public highway. The officer stopped, asked several questions and asked if he could look in the trunk of the car. Appellant replied, "Yes, it would be all right," or "Yes, you can." White opened the trunk and while the officer was looking in the trunk he noticed White attempting to conceal or hide a brown paper bag. He asked what was in the bag. White opened it and the officer discovered some "multicolored pills" which turned out to be 1500 amphetamine capsules and barbiturate pills. He was placed under arrest and a customs officer was called.

Before trial, appellant filed a motion to suppress the pills because of what he alleged to be the results of an illegal search.

Both parties proceed on the basis that the correctness of the trial court's decision on the motion to suppress is whether consent was freely and voluntarily given. The appellant strongly urges that Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, sets forth

principles that make it plain that the finding of voluntariness cannot stand. It is interesting to note that the Supreme Court cites in footnote 12 in *Bumper* the Tenth Circuit case of Wren v. United States, 352 F.2d 617. We have carefully read the elaborate discussion by the trial court and the finding of voluntariness made by it, and conclude that the case is quite similar to *Wren* and that there is no basis for our determining that this finding was clearly erroneous.

The judgment is affirmed.